UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHANIE DAPPER,

           Plaintiff,

  v.

BRINDERSON, LLC, et al.,

           Defendants.

C23-0632 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion for protective order, docket no. 31, is GRANTED. A district court has broad discretion to control discovery. Macklin v. Mendenhall, 257 F.R.D. 596, 601 (E.D. Cal. 2009) (citing Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988)). "Pursuant to Federal Rule of Civil Procedure 26(c), upon a showing of good cause, the district court may issue any protective order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Macklin v. Mendenhall, 257 F.R.D. 596, 601 (E.D. Cal. 2009). On balance, Plaintiff's substantial privacy interest in the "intimate images" outweighs the need of Defendants Brinderson, LLC and Brock West, LLC f/k/a Aegion Energy Services, LLC (collectively, the "Brinderson Defendants") for the discovery. See Cockrum v. Johnson, 917 F. Supp. 479, 482 (E.D. Tex. 1996) ("Rather than requiring discovery without regard for a party's privacy interests, the proper course is to balance a party's legitimate claims of privacy against the need of the opponent for the discovery." (citation omitted)). The Brinderson Defendants offer no support for their position that the intimate images themselves must be produced at this time. Plaintiff has agreed to answer written interrogatories and provide to the Brinderson Defendants information such as the number of images at issue, the subject of the images, whether text overlays are present on the

MINUTE ORDER - 1

images, where the images were taken, which images were shared by Plaintiff, and whether any of the images are connected to Plaintiff's employment. Pl.'s Reply at 2–3 (docket no. 39). Because Plaintiff has a substantial privacy interest in the intimate images and the information that the Brinderson Defendants seek to learn from the intimate images is likely obtainable from other sources, Plaintiff is not required to produce the intimate images themselves at this time.[1]

(2) The Brinderson Defendants' motion for partial dismissal of the first amended complaint, docket no. 36, in which Defendant Marathon Petroleum Company LP joins, docket no. 38, is GRANTED. The Court previously dismissed Plaintiff's claim for violation of the Equal Pay and Opportunities Act ("EPOA") without prejudice and with leave to amend, stating that Plaintiff "must plead facts clarifying how the Brinderson Defendants limited her career advancement opportunities by not allowing her to perform certain work." Order at 7 (docket no. 29). Although Plaintiff added allegations about allegedly withheld trainings and work assignments in the first amended complaint, Plaintiff has made no attempt to identify any career advancement opportunities that would otherwise be available to Plaintiff had she been allowed to participate in the trainings or perform the work. In other words, Plaintiff's first amended complaint fails to plead facts clarifying how the defendants limited her career advancement opportunities by not allowing her to participate in certain trainings or perform certain work. See Order at 7 (docket no. 29). Accordingly, Plaintiff's claim for violation of the EPOA against all defendants is dismissed with prejudice and without leave to amend.

(3) The Court APPROVES the parties' agreement regarding discovery of electronically stored information, docket no. 44, and the parties' stipulated protective order, docket no. 45.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 30th day of October, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

---

[1] The Court reserves the right to further address this issue after discovery has occurred.

MINUTE ORDER - 2